**STATE of Missouri, Respondent,**

v.

**Gregory BLANCHARD, Appellant.**

**No. 41995.**

Missouri Court of Appeals, Eastern District, Division Three.

July 22, 1980.

1. *State v. Carroll*, 543 S.W.2d 48 (Mo.App. 1976).

2. *State v. Carroll*, 555 S.W.2d 100 (Mo.App. 1977).

Joseph V. Neill, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant appeals from a conviction by a jury of the offenses of burglary in the second degree and stealing. He was sentenced by the court under the Second Offender Act to serve terms in the Department of Corrections of five years on the burglary charge and two years on the stealing charge. The sentences were to run consecutively. On appeal, he contends that the evidence was insufficient to support the verdict and that the court erred in a ruling on cross-examination of one of the state's witnesses. We affirm.

■ The owner of the property testified that when he left his home at 3619 Palm on the morning of December 11, 1978, both the front and back doors of his residence were securely locked. Upon his return at about 5:10 that evening, he found that the house had been broken into. Three TV sets, a radio, an 8-track player, a record player, two watches, and a jewelry box and its contents were found to be missing.

A police officer responded to the call and made an investigation of the premises. Later in the week, a police detective conducted an investigation of the burglary which led to the arrest of the defendant on February 15, 1979. At the police station, after having been informed of his rights, defendant made a statement that he and a friend had broken into the house at 3619 Palm Street, taken certain items from the house and sold them to a man named Calvin Westbrooks.

The detectives visited Westbrooks and recovered two TV sets and a stereo component (record player or 8-track) which were identified as having been taken from the burglarized home. Westbrooks testified that during the week of December 11, defendant had told him that he had some new televisions and a stereo he wanted to sell. These items were delivered to Westbrooks, who paid defendant $180 for them.

We believe the evidence is sufficient to make a submissible case against defendant of burglary in the second degree and stealing in conjunction with burglary.

■ Defendant also contends that the court erred in limiting his cross-examination of the arresting detective as to the number of oral confessions obtained by him. This line of questioning would have attempted to show that police officers obtain large numbers of confessions at the police station which later prove to be unreliable indicia of guilt. The question was thus aimed at impeaching not the witness but the confession to which he had testified, and was a collateral attempt to do so. In his brief, defendant admits his question was "immaterial to the fact in dispute." The scope and extent of cross-examination, especially with regard to collateral matters, are committed to the discretion of the trial court. *State v. Winn*, 324 S.W.2d 637, 642 (Mo.1959). We find no abuse of that discretion here.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.